UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO SADLER, a/k/a
DARRYL ALAN WESTON,

        Petitioner,

v.                                            CASE NO. 15-12437
                                              HONORABLE NANCY G. EDMUNDS

THE STATE OF MICHIGAN,

        Respondent.
_____/

**OPINION AND ORDER
GRANTING THE STATE'S MOTION FOR SUMMARY JUDGMENT
AND DISMISSAL OF THE HABEAS CORPUS PETITION (ECF NO. 8),
DISMISSING THE HABEAS CORPUS PETITION (ECF NO. 1), AND
DENYING A CERTIFICATE OF APPEALABILITY**

This matter has come before the Court on petitioner Angelo Sadler's habeas corpus petition under 28 U.S.C. § 2254 and the State's motion for summary judgment and dismissal of the habeas petition. For reasons given below, the Court agrees with the State that Petitioner failed to comply with the one-year statute of limitations for habeas petitions. Accordingly, the State's motion will be granted, and the habeas petition will be dismissed.

**I. Background**

Petitioner was charged in Wayne County, Michigan with second-degree murder, Mich. Comp. Laws § 750.317, assault with intent to commit murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. The charges arose from a shooting in Detroit

in July 31, 1994. One victim died from multiple gunshot wounds; the other victim was unharmed.

On March 10, 1995, Petitioner pleaded guilty, as charged, to second-degree murder, assault with intent to commit murder, and felony firearm. The plea and sentencing agreement called for a sentence of ten to fifteen years in prison for the murder and assault convictions and a consecutive term of two years in prison for the felony-firearm conviction. The trial court scheduled the sentencing for April 6, 1995, but Petitioner absconded from the jurisdiction and failed to appear for sentencing.

In 2006 or 2007, Petitioner was arrested in Florida on a federal narcotics charge. He subsequently pleaded guilty to the charge, and on June 8, 2007, United States District Judge Kenneth A. Marra of the Southern District of Florida sentenced Petitioner to ten years in prison for the crime.

During the federal proceedings, officials discovered that there was an outstanding warrant for Petitioner's arrest due to his failure to appear for sentencing in Michigan. No immediate action was taken to extradite him to Michigan, and Petitioner alleges that he was not brought to Michigan until July of 2009. On October 19, 2009, the state trial court sentenced Petitioner, as previously agreed, to concurrent terms of ten to fifteen years in prison for the murder and assault convictions and to a consecutive term of two years in prison for the felony-firearm conviction.

Petitioner appealed as of right on the basis that he was entitled to sentencing credit for the two-year period beginning in June of 2007 and ending in July of 2009. He claimed that the Wayne County prosecutor knew he was in federal prison during that time, but failed to extradite him to Michigan for sentencing on his state conviction.

Petitioner argued that the delay in extraditing him violated the Interstate Agreement on Detainers (Mich. Comp. Laws § 780.601), the Michigan sentencing credit statute (Mich. Comp. Laws § 769.11b), his right to due process, and his right to a speedy trial. The Michigan Court of Appeals disagreed with Petitioner and affirmed his sentence. *See People v. Sadler*, No. 294813, 2010 WL 5129744 (Mich. Ct. App. Dec. 16, 2010). On April 25, 2011, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to it. *See People v. Sadler*, 796 N.W.2d 90 (Mich. 2011) (table).

On or about September 16, 2013, Petitioner filed a motion for relief from judgment in the state trial court. He argued that his rights to due process and a speedy trial were violated by the two-year delay in bringing him to Michigan for sentencing in his state case. The trial court denied Petitioner's motion after concluding that there was no merit in his claims and that Petitioner had not shown "good cause" under Michigan Court Rule 6.508(D)(3) for failing to raise his claims on appeal and "actual prejudice." *See People v. Weston*, No. 94-008592-01 (Wayne Cty. Cir. Ct. Dec. 17, 2013).

Petitioner appealed the trial court's decision on grounds that (1) his sentence was invalid because the trial court refused to grant credit for time served and (2) transcripts were being withheld from him. The Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Sadler*, No. 321389 (Mich. Ct. App. July 2, 2014). On March 3, 2015, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Sadler*, 859 N.W.2d 688 (Mich. 2015) (table).

Finally, on June 30, 2015, Petitioner signed and dated his habeas corpus petition, which the Clerk of the Court filed on July 7, 2015.  Petitioner argues that he is entitled to credit on his Michigan sentence for the two years that he served in federal custody while waiting to be extradited from Florida to Michigan.  More specifically, Petitioner asserts that (1) the State violated his right to a speedy trial by its delay in producing him for sentencing in Michigan and (2) the State violated his right to due process through its gross negligence and abuse of power in failing to promptly extradite him for sentencing.

Respondent maintains in his motion for summary judgment that the Court should dismiss the habeas petition on the basis of Petitioner's failure to comply with the one-year statute of limitations.  Petitioner replies that Respondent should be required to address the merits of his claims because he pursued his rights diligently and extraordinary circumstances prevented him from timely filing his habeas corpus petition.

## II.  Discussion

### A.  Summary Judgment and the Statute of Limitations

The Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  This rule applies to habeas corpus proceedings. *Harris v. Stegall*, 157 F. Supp.2d 743, 746 (E.D. Mich. 2001).  The moving party bears the responsibility for "identifying those parts of the record that demonstrate the absence of any genuine issue of material fact." *Modowan v. Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  "To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to

4

show that a reasonable factfinder could return a verdict in his favor." *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000).

The basis for Respondent's motion is the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA governs this case because Petitioner filed his habeas petition in 2015, long after AEDPA was enacted. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that AEDPA generally applies to cases filed after the Act became effective); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999) (stating "[i]t is now well settled that AEDPA applies to all habeas petitions filed on or after its April 24, 1996 effective date").

AEDPA established a one-year period of limitation for a state prisoner to file a federal habeas corpus petition. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Holbrook v. Curtin*, __ F.3d __, __, No. 14-1247, slip op. at 4 (6th Cir. Aug. 15, 2016) (citing § 2244(d)(1)). The limitations period runs from the latest of following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "AEDPA also contains a tolling provision, which specifies that 'the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.' " *Holbrook*, slip op. at 4 (quoting 28 U.S.C. § 2244(d)(2)).

### B. Application

Petitioner is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not shown that the State created an impediment to filing a timely habeas petition. *Cf.* 28 U.S.C. § 2244(d)(1)(B-D). Consequently, the statute of limitations began to run when his judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

"Direct review" concludes for purposes of § 2244(d)(1)(A) when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). "Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence.' " *Id.* at 119-20 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"— when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

6

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). A petition for the writ of certiorari in the United States Supreme Court must be filed within ninety days of the judgment in a state court of last resort. Sup. Ct. Rule 13.1.

Petitioner did not apply for a writ of certiorari in the United States Supreme Court on direct review, and the deadline for doing so was July 24, 2011, ninety days after the Michigan Supreme Court denied leave to appeal on direct review. Thus, Petitioner's convictions became final on July 24, 2011, when the time for pursuing direct review in state court expired. *Gonzalez*, 132 S. Ct. at 653-54. The statute of limitations began to run on the following day. *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002). It ran without interruption for one year and then expired on July 24, 2012.

Petitioner did not file his habeas petition until 2015. Thus, the habeas petition is time-barred, absent equitable tolling of the limitations period or a credible showing of actual innocence.[1]

### C. Equitable Tolling

The Supreme Court has "made clear that a [habeas] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S.

---

[1] Although Petitioner filed a motion for relief from judgment in September of 2013, the limitations period had already expired by then. The motion did not revive the limitations period, nor restart the limitations clock at zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)). The tolling provision of § 2244(d)(2) "can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid*, 991 F. Supp. at 259.

408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland's* test for determining whether a habeas petitioner is entitled to equitable tolling).

In his reply to Respondent's motion, Petitioner urges the Court to equitably toll the limitations period because he did not receive notice of the Michigan Supreme Court's 2011 order denying leave to appeal on direct review. He claims that, without notice of the state supreme court's order, he was unaware that the statute of limitations had begun to run.

In a supporting affidavit, Petitioner alleges that he was incarcerated in a federal prison in Pennsylvania in 2011 and that in January 2012, he was transferred to a federal prison in Minnesota. He asserts that he did not become aware of the Michigan Supreme Court's order on direct appeal until September of 2013 when he spoke with someone whom he asked to check on his appeal.

A prisoner's failure to receive a copy of a state court's decision can be a basis for equitable tolling of the limitations period, but the prisoner may not "passively await decision." *Miller*, 305 F.3d at 496. Instead, the prisoner must act diligently both before and after receiving notice of an appellate court's decision. *Id.*

In *Miller*, the habeas petitioner filed an application to re-open his appeal. After waiting nine months for a decision on his application, he asked the state court of appeals to rule on his application. The court of appeals had already ruled on his application, but there was evidence to corroborate Miller's contention that he had not received the appellate court's ruling. Additionally, Miller acted promptly upon learning of the appellate court's ruling. The Sixth Circuit determined that, under the circumstances,

8

waiting nine months before making an inquiry about the status of the appellate case was reasonable. The Sixth Circuit ruled that equitable tolling of the statute of limitations was appropriate for the time between the appellate court's decision on Miller's application and the date that Miller received notice of the decision.

In *Robinson v. Easterling*, 424 F. App'x 439 (6th Cir. 2011), the Sixth Circuit considered a prisoner's delay in asking his attorney for updates on the status of his appellate case. The Sixth Circuit acknowledged that "the realities of incarceration may justifiably delay a petitioner's request for a case status update," but determined that waiting eighteen months between requests for case updates was not reasonable diligence and did not warrant equitable tolling of the statute of limitations. *Id.* at 443. The Sixth Circuit also has

> declined to allow equitable tolling where a petitioner's attorney misled him into believing that his appeal was still pending before the state court because the petitioner failed to diligently monitor the progress of his appeal. *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583–84 (6th Cir.2003). Similarly, [the Sixth Circuit] has declined to equitably toll the statute of limitations where a petitioner alleged that the state court and his attorney failed to inform him that a decision had been rendered affirming his conviction. *Elliott v. Dewitt*, 10 Fed. Appx. 311, 312–13 (6th Cir. 2001).

*Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 463 (6th Cir. 2012).

Petitioner has not stated precisely when he requested updates on his state supreme court case. He does say that he learned of the Michigan Supreme Court's ruling in 2013 after he asked someone to check on the status of his case. But that was more than two and a half years after he filed his application for leave to appeal in the Michigan Supreme Court on January 10, 2011, and he apparently was in transit between federal prisons for only a short portion of that time. If he had checked on the

9

status of his state supreme court case after nine months of filing his application for leave to appeal, as the petitioner in *Miller* did, he would have learned that the Michigan Supreme Court had ruled on his application and that the federal statute of limitations had begun to run. Then he could have filed a timely habeas petition or a motion for relief from judgment which would have tolled the limitations period.

Petitioner has failed to show that he diligently monitored the status of his state supreme court case, and the two-and-a-half-year delay in seeking information about his supreme court case exceeded the amount of time that the Sixth Circuit determined was excessive and inappropriate for equitable tolling in *Robinson*, 424 F. App'x at 443. The Court therefore declines to equitably toll the limitations period.

### D. Actual Innocence

Actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to consideration of the merits of their constitutional claims is expiration of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But Petitioner pleaded guilty, as charged, and he has not asserted that he is innocent. "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made." *Id.* at 1933. Petitioner therefore may not pass through the "actual innocence" gateway to have his claims heard on the merits.

### III. Conclusion

Petitioner filed his habeas petition after the statute of limitations expired, and he is not entitled to equitable tolling of the limitations period. Therefore, Respondent is entitled to judgment as a matter of law. The Court grants Respondent's motion for

summary judgment and dismissal of the habeas petition (ECF No. 8) and dismisses the habeas corpus petition (ECF No. 1) as untimely.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, a district court rejects a habeas petition on procedural grounds without reaching the merits of the petitioner's underlying claims, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists could not debate whether the Court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right. The Court therefore denies a certificate of appealability.

        s/ Nancy G. Edmunds
        NANCY G. EDMUNDS
        UNITED STATES DISTRICT JUDGE

Dated: August 23, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of this order has been served upon counsel and/or parties of record on This 23rd day of August, 2016 by regular mail and/or CM/ECF.

        s/ Carol J Bethel
        Case Manager